# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| W. JAMES OELSNER, | ) | Civil No. 2014-62 |
| Plaintiff, | ) | |
| v. | ) | |
| LYNN MILLIN MADURO, COMMISSIONER, DEPARTMENT OF PROPERTY AND PROCUREMENT, *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff W. James Oelsner's "Motion for Default Judgement [sic] as Per FRCP Rule 12(a)(1)(A)(i)" ("Motion for Def. J.") [ECF 32] and "Motion to Amend 10/16/14 Motion (DE 32) For Default Judgement [sic], As Per Rule 12(a)(1)(A)(i), to Include FRCP Rules 55 and 4" ("Motion to Amend") [ECF 37]. Plaintiff asks that a default judgment be entered against Nilson C. Perez, for failure to respond to the complaint.[1] Plaintiff appends the affidavit of a process server who attests that he served a summons and complaint on Nilson C. Perez on August 13, 2014.[2] In the Motion to Amend, plaintiff seeks to draw the Court's attention to Federal Rules of Civil Procedure 55(a) and (b) as supporting his request, as well as to other motions for relief he previously filed.[3]

---

[1]  Specifically, plaintiff asks for a "Default Judgement [sic] and Order" requiring defendant "to cease and desist from any further dismantling of Plaintiff's Barge," to release the vessel to plaintiff, and to "require Defendant to appropriately compensate its Owner and Bareboat Charterer for the damages caused to date by the Defendant to the Barge WITDOCK and its on-deck equipment." Mot. for Def. J. [ECF 32] at 2.

[2]  Affidavit of Service [ECF 32-1].

[3]  These other motions were plaintiff's "Motion Requesting Relief from the Court" [ECF 26] and "Motion for Temporary Restraining Order ('TRO') Supplementing Request for Relief Dated 8/16/14" ("Motion for TRO"). [ECF 27]. The District Court denied the Motion for TRO on September 9, 2014. Order [ECF 28]. In the Motion to

*Oelsner v. Millin Maduro, et al.*
Civil No. 2014-62
Page 2

Federal Rule of Civil Procedure 55(a) provides for the entry of default against a party where it is shown "by affidavit or otherwise" that a party against whom relief is sought has "failed to "plead or otherwise defend," after having been served. Fed. R. Civ. P. 55(a). Here, Oelsner presents an affidavit of a process server demonstrating that service of the summons and complaint was effected on Perez, and he states that, as of the date of the motion, "63 days have elapsed without response" from Perez. Motion for Def. J. at 1. Further, a review of the docket reveals that Perez has never appeared in this matter. Under these circumstances, the entry of Perez's default appears proper.

With respect to the entry of a default judgment, however, Oelsner's motion, even as amended, is deficient. As recently discussed by the Court in *Pogan v. M/V Venture Pride*:

> Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). In considering a motion for default judgment, the factual allegations in the complaint are treated as conceded by the defendant, except those relating to the amount of damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 (3d Cir.2005); *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990). Default judgment is only appropriate where a plaintiff's well-pleaded facts, taken as true, demonstrate that the plaintiff is entitled to relief. *See, e.g.*, *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default Judgment unless the plaintiff's complaint states a valid facial claim for relief."). "But while a defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quoting *Nishimatsu*

---

Amend, Oelsner again requests the District Court to "grant his 'Motion for Default Judgement [sic].'" Mot. to Amend at 1.

*Oelsner v. Millin Maduro, et al.*
Civil No. 2014-62
Page 3

> *Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)).
>
> Even where a plaintiff is entitled to default judgment, the plaintiff is still "required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.,* 987 F.2d 494, 505 (8th Cir.1993). Instead of relying on the allegations in the complaint, the Court must conduct an inquiry to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b) ("The court may conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages ...."); *see also United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir.1989) (explaining that a default judgment may be entered without an evidentiary hearing on damages so long as the amount of damages is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"); *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1544 (11th Cir.1985) ("Damages may be awarded [in a default judgment] only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotation omitted)).
>
> A motion for entry of default judgment must also contain evidence of the following: (1) that all pleadings were validly served upon the defendant; (2) that the defendant has not appeared; (3) that default was entered; (4) that the defendant is not an infant or incompetent; (5) an affidavit of non-military service; and (6) the amount of judgment and how it was calculated. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

*Pogan v. M/V Venture Pride*, Civ. 2017 U.S. Dist. LEXIS 45064, *3-5 (D.V.I. Mar. 28, 2017).

Oelsner's request for the entry of default judgment does not meet these standards. Moreover, as the *Pogan* Court observed, Federal Rule of Civil Procedure 54 also bears on the issue, as it provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in

*Oelsner v. Millin Maduro, et al.*
Civil No. 2014-62
Page 4

the pleadings." *Pogan,* 2017 U.S. Dist. LEXIS 45064, at 5*; Fed. R. Civ. P. 54(c). This is because a defending party ought to have the opportunity to be able to decide whether to defend, based on the relief requested. *Pogan,* 2017 U.S. Dist. LEXIS 45064, at *6.

Applying these principles, it is evident that Oelsner's motion for default judgment falls far short of the required showing. At a minimum, he has not demonstrated what is required regarding the defendant's capacity and military service, and he has not offered any basis for determining an amount of damages, although he plainly seeks such relief.

Under these circumstances, although Oelsner may have made a showing of entitlement to entry of Perez's default, he is not entitled to default judgment at this stage of the proceedings. Accordingly, it is hereby RECOMMENDED:

1. that default be entered against Nilson C. Perez; and

2. that the "Motion for Default Judgement [sic] as Per Rule 12(a)(1)(A)(i)" [ECF 32] and "Motion to Amend 10/16/14 Motion (DE 32) For Default Judgement [sic], As Per FRCP Rule 12(a)(1)(A)(i), to Include FRCP Rules 55 and 4" [ECF 37] be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** March 30, 2017     S\_____
                              **RUTH MILLER**
                              United States Magistrate Judge