DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| W. JAMES OELSNER,                      )<br>)<br>Plaintiff,              )<br>)<br>v.                                           )<br>)<br>LYNN MILLIN MADURO, COMMISSIONER, )<br>DEPARTMENT OF PROPERTY AND  )<br>PROCUREMENT, et al.                )<br>)<br>Defendants.          )<br>_____) | Civil Action No. 2014-0062 |

**Appearances:**
**W. James Oelsner,** *Pro Se*
St. Thomas, U.S.V.I.

**Dean Barnes, Esq.,**
**Ariel M. Smith, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendants Lynn M. Maduro & Alicia Barnes*

**Nilson Perez,** *Pro Se*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on Magistrate Judge Ruth Miller's Report and Recommendation ("R&R") (Dkt. No. 67) regarding Plaintiff W. James Oelsner's "Motion for Reconsideration" ("Motion") of the Court's denial of his Motion for a Temporary Restraining Order ("TRO") (Dkt. No. 30). The R&R noted that objections had to be filed within 14 days of receipt. (Dkt. No. 67 at 3). The R&R was delivered to Plaintiff on April 24, 2017. (Dkt. No. 70). No objections to the R&R were filed with the Court, either before or after May 8, 2017.

  Plaintiff W. James Oelsner filed his Complaint seeking redress for the allegedly unlawful and unconstitutional dismantling of the barge WITDOCK in St. Thomas, United States Virgin

Islands. (Dkt. No. 1). Plaintiff sought a TRO requiring defendants to cease and desist from dismantling activities. (Dkt. No. 27). The Court denied that motion, finding that Plaintiff had failed to show any of the requirements for injunctive relief. (Dkt. No. 28). Plaintiff sought reconsideration of that ruling, pointing the Court to an earlier filing, "Plaintiff's Memoprandum [sic] of Law in Support of his Complaint for Declaratory and Injunctive Relief" (Dkt. No. 7), as making the showing necessary for the Court to issue a TRO. (Dkt. No. 30). The R&R recommends against granting reconsideration, concluding that Plaintiff has not met "any of the three bases for reconsideration." (Dkt. No. 67 at 2).

Where the parties do not timely object to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has determined that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Where no objections have been filed, the court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). Under this standard, the court reviews the magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously

affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

In order to prevail on a motion for reconsideration, the moving party must show "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole*, 613 Fed. App'x. 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* LRCi 7.3 ("A motion to reconsider shall be based on: 1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice.").

Based on the Court's review of the R&R, the Court finds no plain error in the Magistrate Judge's conclusion that Plaintiff's Motion does not demonstrate an intervening change in controlling law, new evidence that was not available when the Court originally issued its Order, or clear error or manifest injustice. Plaintiff asks the Court to reconsider the record that was already before it when it issued its original Order, or arguments that either were made or could have been made in the context of the motion for a TRO. However, motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, No. 1:06–cv–11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F.Supp.2d 731, 733 (D.V.I. 2004)). Thus, under the circumstances presented, the Court should not invoke the "extraordinary remedy"

3

of reconsideration. *Bank of Nova Scotia v. Ross*, Civil Action No. 2010-118, 2014 U.S. Dist. LEXIS 135848, at *27 (D.V.I. Sept. 26, 2014) (quotation and citation omitted).

For the reasons stated above, it is hereby,

**ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. No. 67) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff by certified mail, return receipt requested.

**SO ORDERED**.

Date: February 1, 2021 _____/s/_____
WILMA A. LEWIS
Chief Judge