DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| W. JAMES OELSNER, ) | |
| ) | |
|      **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2014-0062 |
| ) | |
| LYNN MILLIN MADURO, COMMISSIONER, ) | |
| DEPARTMENT OF PROPERTY AND ) | |
| PROCUREMENT, et al. ) | |
| ) | |
|      **Defendants.** ) | |
|                                                 ) | |

**Appearances:**
**W. James Oelsner,** *Pro Se*
St. Thomas, U.S.V.I.

**Dean Barnes, Esq.,**
**Ariel M. Smith, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Lynn M. Maduro & Alicia Barnes*

**Nilson Perez,** *Pro Se*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Magistrate Judge Ruth Miller's Report and Recommendation ("R&R") (Dkt. No. 68), regarding Plaintiff W. James Oelsner's ("Plaintiff") "Motion for Default Judgement as Per FRCP Rule 12(a)(1)(A)(i)" ("Motion for Default Judgment") (Dkt. No. 32), and "Motion to Amend 10/16/14 Motion (DE 32) For Default Judgement, As Per Rule 12(a)(1)(A)(i), to Include FRCP Rules 55 and 4" ("Motion to Amend") (Dkt. No. 37). The R&R noted that objections had to be filed within 14 days of receipt. (Dkt. No. 68 at 4). The R&R was delivered to Plaintiff on April 24, 2017. (Dkt. No. 70). No objections to the R&R were filed with the Court, either before or after May 8, 2017.

W. James Oelsner filed his Complaint seeking redress for the allegedly unlawful and unconstitutional dismantling of the barge WITDOCK in St. Thomas, United States Virgin Islands. (Dkt. No. 1). Defendant Nilson Perez ("Defendant Perez") is an individual associated with Castillo Recycling, the contractor who allegedly engaged in the dismantling of the barge WITDOCK for scrap. *Id.* at 3, 30-31. A summons was issued for Perez on July 7, 2014. (Dkt. No. 3). Plaintiff has submitted an affidavit indicating that Perez was served with the summons and Complaint on August 13, 2014. (Dkt. No. 32-1).[1] A review of the docket reveals that Perez has not appeared in this matter.

In his Motion for Default Judgment, Plaintiff requests that the Court enter a default judgment as to Defendant Perez. (Dkt. No. 32 at 1). In his Motion to Amend, Plaintiff requests, *inter alia*, that the Court take note of Federal Rule of Civil Procedure 55(a) and again requests that the Court grant his Motion for Default Judgment. (Dkt. No. 37 at 1).

The R&R recommends the entry of default against Defendant Perez for failure to respond to Plaintiff's summons. (Dkt. No. 68 at 2). Further, the R&R recommends against entering a default judgment against Defendant Perez, as the Magistrate Judge found that Plaintiff had not made the

---

[1] At a status conference held on July 16, 2015, Magistrate Judge Miller requested that Plaintiff clarify the appropriate parties in the case and the relief sought against each defendant using a Court form for non-prisoner *pro se* complaints. (Dkt. No. 50 at 11:5-14:9). Additionally, Magistrate Judge Miller granted Plaintiff an extension of time to properly serve the two Government of the Virgin Islands defendants. *Id.* at 14:1-16:3. After the status conference, Plaintiff filed a document that was docketed as an "Amended Complaint" on August 7, 2015. (Dkt. No. 52). In this "Amended Complaint," Plaintiff placed a *Pro Se* General Complaint Form on top of excerpts of his original Complaint and reduced the number of defendants to three, including Defendant Perez. *Id.* In response to Defendants' subsequent "Motion to Dismiss Plaintiff's Amended Complaint," Plaintiff takes issue with the characterization of his August 7, 2015 filing as an "Amended Complaint," asserting that it is in fact a "Clarifying Complaint." (Dkt. No. 65 at 1). For present purposes, the Court need not resolve the issue of whether this filing is properly considered an Amended Complaint because the filing makes no new claims against Defendant Perez.

requisite showing. *Id.* at 4.

Where the parties do not timely object to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has determined that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Where no objections have been filed, the court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). Under this standard, the court reviews the magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

Based on the Court's review of the R&R, the Court finds no plain error in the Magistrate Judge's conclusion that Plaintiff has met the requirements for entry of default against Defendant

Perez based on Perez's failure to "plead or otherwise defend" following service of process. Fed. R. Civ. P. 55(a).

Rule 55(a) of the Federal Rules of Civil Procedure states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The docket reflects that Defendant Perez has not responded to the Complaint or otherwise appeared to defend against the action. Thus, "whether default should be entered turns solely on whether [the Defendant was] properly served with the complaint." *Chapman v. Homecomings Fin. Servs., LLC*, Civil Action No. 07-4553, 2008 U.S. Dist. LEXIS 34392, at *2 (E.D. Pa. April 28, 2008). Plaintiff has submitted an affidavit demonstrating that Defendant Perez was personally served with the summons and Complaint on August 13, 2014. (Dkt. No. 32-1).[2] Personal service of the summons and complaint on an individual is proper under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e)(2)(a). Accordingly, the Court finds no plain error in the Magistrate Judge's conclusion in the R&R that Plaintiff is entitled to an entry of default against Defendant Perez. *See* Fed. R. Civ. P. 55(a).

The Court also finds no plain error in Magistrate Judge Miller's conclusion that Plaintiff

---

[2] Even if Plaintiff's August 7, 2015 filing constitutes a proper Amended Complaint, personal service of that Amended Complaint on Defendant Perez would not be required. Federal Rule of Civil Procedure 5(a)(2) states that: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." There are no new claims for relief asserted against Defendant Perez in the August 7, 2015 filing and he was already in default for failing to appear and defend against the original Complaint. Thus, no personal service of the purported Amended Complaint was required. *See De Curtis v. Ferrandina*, 529 Fed. App'x. 85, 86 (2d Cir. 2013) (because defendant was in default at the time plaintiff filed her amended pleading and the amended pleading did not assert any new claims against defendant, defendant "was therefore not entitled to service under Rule 5."); *Macias v. White*, Civil Action No. 15-3730, 2018 U.S. Dist. LEXIS 4302, at *1 n.1 (E.D. Pa. Jan. 10, 2018) ("Following service, each of the Defendants failed to appear, plead or otherwise defend in this action. . . . [A]lthough Plaintiff filed an Amended Complaint . . . , under Rule 5(a)(2), Plaintiff was not required to serve that complaint on Defendants . . . because Plaintiff did not raise any new claims against those parties.").

has not met the standard for entry of a default judgment against Defendant Perez. A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of N.S. v. Tutein*, Civil Action No. 2017-0016, 2019 U.S. Dist. LEXIS 107902, at *7 (D.V.I. June 27, 2019) (citing *Flagstar Bank FSB v. Rivers*, Civil No. 2012-0093, 2014 U.S. Dist. LEXIS 34800, at *7-8 (D.V.I. Mar. 18, 2014)); *see also* Fed. R. Civ. P. 55(b). Plaintiff has not provided a clear amount of damages, nor any indication of how such a number would be calculated. *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017) ("[T]he plaintiff must prove that he is entitled to the damages sought."). Similarly, Plaintiff has not made any showing regarding Defendant Perez's capacity or military service status. Accordingly, the Court agrees that, while default should be entered against Defendant Perez, Plaintiff has not made the requisite showing to demonstrate that a default judgment should be entered.[3]

For the foregoing reasons, it is hereby,

**ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. No. 68) is **ADOPTED** as modified herein; and it is further

**ORDERED** that Plaintiff's Motion to Amend (Dkt. No. 37) is **GRANTED** to the extent that the Court has considered the authorities and filings in support of Plaintiff's Motion for Default Judgment, but is otherwise **DENIED**; and it is further

---

[3] With regard to Plaintiff's Motion to Amend, the Court has, as requested, taken into account the authorities and filings referenced in support of Plaintiff's Motion for Default Judgment. However, for the reasons stated, the Court will deny Plaintiff's request for the entry of a default judgment.

5

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. No. 32) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that default is hereby **ENTERED** against Defendant Nilson Perez in favor of Plaintiff pursuant to Fed. R. Civ. P. Rule 55(a) for failure to answer, plead or otherwise defend after being duly served with a copy of the Complaint; and it is further

**ORDERED** that Plaintiff's request for a default judgment against Defendant Perez is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff by certified mail, return receipt requested.

**SO ORDERED**.

Date: February 1, 2021  _____/s/_____
WILMA A. LEWIS
Chief Judge