# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| W. JAMES OELSNER, ) ) Plaintiff, ) ) v. ) ) LYNN MILLIN MADURO, Commissioner, ) Department of Property and Procurement; ) ALICIA BARNES, Commissioner, Department ) of Planning and Natural Resources; and ) NILSON PEREZ, Castillio Recycling, ) ) Defendants. ) ) | Civil Action No. 2014-0062 |

**Appearances:**
W. James Oelsner, *Pro Se*
St. Thomas, U.S.V.I.

**Dean Barnes, Esq.**
**Ariel Marie Smith-Francois, Esq.**
St. Thomas, U.S.V.I.
    *For Defendants Lynn Millin Maduro and Alicia Barnes*

No Appearance
    *For Defendant Nilson Perez*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") submitted by Magistrate Judge Ruth Miller (Dkt. No. 78). In her R&R, Magistrate Judge Miller recommends that Defendants Lynn Millin Maduro and Alicia Barnes' (collectively, "the Government Defendants") "Motion to Dismiss" (Dkt. No. 62) be granted. No objections to the R&R have been filed. For the reasons that follow, the Court will adopt, as modified herein,

Magistrate Judge Miller's R&R, grant the Government Defendants' Motion, and dismiss Plaintiff W. James Oelsner's ("Plaintiff") claims against all Defendants without prejudice.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action against Defendants on July 1, 2014. (Dkt. No. 1). On August 7, 2015, Plaintiff filed the Amended Complaint (Dkt. No. 51)—the operative complaint—at the direction of Magistrate Judge Miller. *See* (Dkt. No. 78 at 4 n.7).

The allegations in the Amended Complaint involve the Barge WITDOCK ("the Barge"), a U.S. Coast Guard documented vessel owned by the Witdock Corporation. (Dkt. No. 51 at 4). Plaintiff contends that, on February 22, 2012, the Government Defendants unlawfully confiscated the Barge without due process or just compensation. *Id.* Plaintiff further alleges that the Government Defendants improperly employed Defendant Perez ("Perez") to dismantle and remove the Barge. *Id.* Plaintiff alleges that Perez's "dismantling activities" have resulted in $80,000 in damages to the Barge. *Id.* at 4, 21-22. Plaintiff also seeks numerous forms of injunctive and declaratory relief, including the return of the Barge to its rightful owner, which Plaintiff alleges is the Witdock Corporation. *Id.* at 4, 5, 8, 22-25.

The Witdock Corporation, the "owner" of the Barge, *id.* at 8, is not a party to this suit. Rather, Plaintiff alleges that he is the "nominee owner" of the Witdock Corporation, as the "owner of all of the shares of the Witdock Corporation." *Id.* at 4, 8. Plaintiff further alleges that he has a $300,000 second mortgage on the Barge, earned for his past efforts as a salvage master. *Id.* at 8, 21.

On September 30, 2015, the Government Defendants moved to dismiss Plaintiff's claims. (Dkt. No. 62). In their Memorandum in support thereof, (Dkt. No. 63), the Government Defendants argue, *inter alia*, that this Court lacks subject matter jurisdiction because Plaintiff has failed to

2

establish that he has Article III standing to bring his claims.[1] *Id.* at 6-13. Plaintiff opposes the Government Defendants' Motion to Dismiss. (Dkt. Nos. 65, 66). Plaintiff argues, *inter alia*, that, through this action, he "seeks to protect his financial interest in [the Barge]," specifically, the $300,000 second mortgage that he has on the vessel.[2] (Dkt. No. 65 at 2).

On March 5, 2024, Magistrate Judge Miller issued an R&R recommending that the Government Defendants' Motion to Dismiss be granted. (Dkt. No. 78 at 1). Magistrate Judge Miller reports that her analysis "begins and ends" with standing and prudential considerations. *Id.* at 12. First, she finds that Plaintiff has not alleged an actual, concrete injury particular to him, but rather, has asserted injuries on behalf of the Witdock Corporation—the owner of the Barge. *Id.* at 13-14. Second, in light of her determination that Plaintiff is asserting injuries on behalf of the Witdock Corporation, a non-party to the litigation, Magistrate Judge Miller similarly finds that Plaintiff's purported injuries would not be redressed by a favorable decision of the Court. *Id.* at 14. Accordingly, she concludes that Plaintiff does not have Article III standing to pursue this action, thus depriving the Court of subject matter jurisdiction. *See id.* at 16 n.23. Magistrate Judge Miller also finds, for similar reasons, that Plaintiff has not satisfied the prudential limitation on standing, which requires him to assert his own legal rights and interests rather than the legal rights and interests of third parties. *Id.* at 14-15.

Neither party has filed objections to Magistrate Judge Miller's R&R.

---

[1] The Government Defendants also argue for dismissal on the grounds that: (1) the Court lacks subject matter jurisdiction due to a lack of federal question jurisdiction; (2) Plaintiff has failed to state a claim because his claims are barred by the applicable statute of limitations; and (3) Plaintiff has failed to state a claim because his claims are barred by res judicata. (Dkt. No. 63 at 7, 14-19).

[2] Plaintiff concedes that he is "unfamiliar with [] technicalities" regarding jurisdictional issues and asserts that "this Court is best qualified to judge its jurisdiction." (Dkt. No. 65 at 1).

3

## II.     STANDARD OF REVIEW

Where—as here—the parties do not object to a magistrate judge's R&R, there is no statutory requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) (recognizing that *Thomas* permits the district court to decline to review undisputed recommendations). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Where no objections have been filed, a district court reviews an R&R under the "plain error" standard of review. *See* Fed. R. Civ. P. 72(b) Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)), *aff'd*, 276 F. App'x 125 (3d Cir. 2008); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

## III.    DISCUSSION

"While *pro se* complaints must be construed liberally, such complaints aren't immune from dismissal." *Browne v. United States*, Civil Action No. 21-0295, 2024 U.S. Dist. LEXIS 58668, *3

4

(D.V.I. Mar. 30, 2024). "Article III standing is a constitutional requirement[.]" *Phila. Taxi Ass'n v. Uber Techs.*, 886 F.3d 332, 345 (3d Cir. 2018). "Before the Court reaches the other bases proffered to dismiss . . . Plaintiff's claims under Rule 12, the Court must first determine pursuant to Rule 12(b)(1) if [Plaintiff] has standing and, relatedly, if [the] Court has subject matter jurisdiction." *Anderson v. Gannett Co.*, Civil Action No. 22-05088, 2023 U.S. Dist. LEXIS 90138, at *8-9 (D.N.J. May 23, 2023); *see also Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016) ("Article III standing is essential to federal subject matter jurisdiction and is thus 'a threshold issue that must be addressed before considering issues of prudential standing.'"). "Like other plaintiffs, a *pro se* Plaintiff must meet the requirements of the standing doctrine." *Browne*, 2024 U.S. Dist. LEXIS 58668, at *3; *see also Kallas v. Egan*, 842 Fed. App'x. 676, 679 (2d Cir. 2021) (rejecting the plaintiff's argument that *pro se* plaintiffs need not demonstrate standing because "all plaintiffs must demonstrate standing"); *Scott v. Family Dollar Stores*, No. 2:20-cv-00773, 2020 U.S. Dist. LEXIS 233051, at *12 (W.D. Pa. Dec. 11, 2020) (dismissing the *pro se* plaintiff's complaint because the plaintiff lacked standing).

To establish standing "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Cottrell v. Alcon Labs.*, 874 F.3d 154, 162 (3d Cir. 2017) (explaining that the "minimal requirements" of Article III standing are (1) an injury in fact, (2) traceability, and (3) redressability). The injury in fact element is often "determinative." *D'Antonio v. Borough of Allendale*, No. 22-1329, 2022 U.S. App. LEXIS 28990, at *5 (3d Cir. Oct. 19, 2022). "For there to be an injury-in-fact, a plaintiff must claim 'the invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or

imminent, not conjectural or hypothetical.'" *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)); *see also Spokeo*, 578 U.S. at 340 (emphasis in original) ("We have made it clear time and time again that an injury in fact must be both concrete *and* particularized.")

Here, Plaintiff's Amended Complaint asserts injuries resulting from the confiscation and partial destruction of the Barge. However, Plaintiff alleges that the Barge is owned by the Witdock Corporation (Dkt. No. 52 at 4, 8), which is not a party to this suit. And it is well established that Plaintiff does not have standing to bring suit on behalf of the Witdock Corporation. *E.g., Gimenez v. Morgan Stanley D.W., Inc.*, No. 06-752, 2006 U.S. Dist. LEXIS 13938, at *2-3 (D.N.J. Mar. 15, 2006) ("Because [the *pro se* plaintiff] has not alleged any injury separate and distinct from the alleged harm to the corporation . . . he lacks the requisite standing to sue as an individual in this case."). Nonetheless, Plaintiff purports to offer two bases for having suffered an injury in fact as a result of harm to the Barge.

First, Plaintiff asserts that he is the "nominee owner" of the Witdock Corporation, as the "owner of all of the shares of the Witdock Corporation." (Dkt. No. 52 at 4, 8). However, "[w]hen the claim is that corporate property has been removed from the corporation, it is the corporation -- having an independent legal identity -- that must seek, on its own or derivatively, to redress its injury." *Bingham v. Zolt*, 66 F.3d 553, 561-62 (2d Cir. 1995). When an individual brings claims as a result of such an injury, they are bringing their claims "as a result of the injury to another" and thus have not demonstrated an injury in fact that can sustain Article III standing. *See id.* at 562 (finding no standing for the estate of an individual to pursue claims regarding property wholly owned by the individual's corporation); *Gabayzadeh v. Glob. Equip. & Mach. Sales Inc.*, 2019 U.S. Dist. LEXIS 13250, at *7-8 (S.D.N.Y. Jan. 28, 2019) (concluding that the *pro se* plaintiff's "indirect" injuries, resulting from an alleged unlawful sale and taking of certain machinery, were

6

not sufficient injuries to sustain standing because the machinery was owned by the plaintiff's corporation, not the plaintiff); *see also Margetis v. Ferguson*, No. 4:12-cv-753, 2013 U.S. Dist. LEXIS 183076, at *15 (E.D. Tex. Sep. 13, 2013) ("[I]f the business [which suffered the harm] is a corporation, then it is the corporation which has suffered injury — not [the plaintiff] personally.").

Moreover, harm to corporate property does not constitute an injury in fact for an individual even if the individual bringing the claim is the sole owner of the corporation. *See Gray Gables Corp. v. Arthur*, No. 21-1551-cv, 2022 U.S. App. LEXIS 8194, at *2 (2d Cir. Mar. 29, 2022) (finding no Article III standing for the individual plaintiffs to bring a Section 1983 claim regarding the condemnation of a corporation's property even though the individuals owned 100% of the corporation); *see also Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2d Cir. 1987) ("A shareholder -- even the sole shareholder -- does not have standing to assert claims alleging wrongs to the corporation."). Accordingly, notwithstanding Plaintiff's allegation that he is the "owner of all of the shares of the Witdock Corporation" (Dkt. No. 52 at 8), Plaintiff has brought a claim "as a result of the injury to another." *Bingham*, 66 F.3d at 562. As such, Plaintiff's ownership interest in the Witdock Corporation—no matter its extent—is not a sufficient basis to establish that Plaintiff suffered a "concrete *and* particularized" injury in fact, *Spokeo*, 578 U.S. at 340 (emphasis in original), as a result of harm to property owned by the Witdock Corporation.

Second, Plaintiff asserts that he has sufficiently alleged a personal interest in the Barge by alleging that he has a second mortgage on the vessel. However, an individual's "vague and unsupported" allegation of a personal interest in corporate property is an insufficient basis for establishing an injury in fact at the motion to dismiss stage. *D'Antonio*, 2022 U.S. App. LEXIS 28990, at *6. In *D'Antonio*, the *pro se* plaintiff, the director of a corporation who had invested

7

money in the corporation, brought suit over an alleged interference with property owned by the corporation. *Id.* at 2, 5-6. In addition to his connections to the corporation, the plaintiff attempted to establish an injury in fact by claiming, *inter alia*, that there was "an insurance policy in his name alone" for the property. *Id.* at 6. (cleaned up). The Court nevertheless found that the plaintiff had not established an injury in fact. *Id.* at 5. With regard to the plaintiff's financial investment in the corporation, the Court stated that "an individual lacks standing to bring a claim for damages suffered by a corporation, even if the individual faces the risk of financial loss as a result of injuries to the corporation." *Id*. at 5-6. Moreover, the Court rejected the plaintiff's attempt to establish an injury in fact through his "vague and unsupported" allegation regarding the insurance policy, noting that conclusory statements offered to establish an element of standing must be disregarded at the motion to dismiss stage. *Id.* at 6 (citing *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017)).

The Court finds Plaintiff's allegation regarding the second mortgage insufficient to establish a "particularized" injury in fact, *Spokeo*, 578 U.S. at 340, as a result of harm allegedly inflicted upon the Barge. As in *D'Antonio*, Plaintiff is alleging that he suffered an injury in fact as a result of a personal interest he has in corporate property. And much like the plaintiff in *D'Antonio*, to establish such a personal interest, Plaintiff has offered nothing more than a vague allegation that he holds a $300,000 second mortgage in the Barge. Plaintiff has offered the Court little information regarding his alleged mortgage, asserting only that it is worth $300,000 and that he earned it for his efforts as a salvage master.

The lack of information regarding the mortgage is of added significance in light of Plaintiff's concession that he "filed [the Complaint in this action] to keep the issues alive before this Court, and to try to prevent further dismantling/scrapping, until such time as the [corporate

entities] could overcome their cash flow problem and file their Complaint in the proper manner and venue." (Dkt. No. 65 at 4). In effect, Plaintiff appears to acknowledge his awareness that the Witdock Corporation—not Plaintiff—is really the "proper" party to bring suit regarding the damage to the Barge and that Plaintiff is simply asserting the interests of the Witdock Corporation in the interim. This is not permitted. *See Trump Hotels & Casino Resorts v. Mirage Resorts*, 140 F.3d 478, 485 (3d Cir. 1998) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 474 (1982)) (explaining that prudential principles, outside of the requirements of Article III, require a plaintiff to "assert his own legal rights and interests" rather than "rest his claim to relief on the legal rights or interests of third parties").

In light of the Court's findings herein, there is no clear or obvious error with Magistrate Judge Miller's determination that this Court lacks subject matter jurisdiction because Plaintiff does not have Article III standing to pursue this action. As such, the Court will adopt, as modified herein, Magistrate Judge Miller's recommendation of dismissal without prejudice.

### IV.  CONCLUSION

In view of the foregoing, the Court will adopt Magistrate Judge Miller's R&R, as modified herein, and dismiss Plaintiff's claims against Defendants without prejudice for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date:  June 14, 2024                                            _____/s/_____
                                                                                         WILMA A. LEWIS
                                                                                         District Judge